UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joel Halpern,<br>individually and on behalf of all others similarly situated,<br>                                                        Plaintiff,<br><br>                          -v.-<br><br>Viking Client Services, LLC;<br>and John Does 1-25,<br>                                                        Defendants. | Case No.: 1:21-cv-01230<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joel Halpern brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Viking Client Services, LLC ("Viking"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings, residing at 2190 E 21st St., Apt 1, Brooklyn, NY 11229.

8. Defendant Viking is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address c/o C T Corporation System, 28 Liberty St., New York, New York, 10005.

9. Upon information and belief, Defendant Viking is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;
   b. to whom Defendant Viking sent a. initial letter;
   c. attempting to collect a consumer debt;
   d. where the current balance is listed as more than the charge-off balance;
   e. in two sub-classes where:
      1. there is no explanation of the increase or note that the balance is increasing or will continue to increase; or
      2. where additional amounts that could be added or subtracted from the balance since charge off are all listed as zero; and
   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to June 10, 2020, Plaintiff allegedly incurred an obligation to non-party LendingClub Corporation ("LendingClub").

22. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically a LendingClub personal loan.

23. The alleged LendingClub obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. LendingClub is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. According to Defendant's letter the current creditor of the LendingClub debt is UHG,I LLC ("UHG").

26. According to Defendant's letter, UHG assigned the debt to Defendant Viking for collection

27. Defendant Viking collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - June 10, 2020 Collection Letter*

28. On or about June 10, 2020, Defendant Viking sent Plaintiff an initial collection letter regarding the alleged debt. See Letter attached as Exhibit A.

29. The Letter states "Account Balance: 13557.68" and then states:

> Amount Due as of Charge-Off: 12235.82
> Interest Accrued Since Charge-Off: $0.00
> Non-Interest Charges or Fees Since Charge-Off: $0.00
> Payments Since Charge-Off: $0.00

30. The letter does not state that the balance may increase or is increasing.

31. The letter does not explain why the balance has increased since charge-off.

32. The letter lists the possible categories of addition sot the charge-off balance but each is listed as $0.00.

33. The amounts listed do not add up and therefore do not make sense.

34. This leaves open the possibility that this mysterious charge could be added back, or that an additional charge for the same or a different amount could be added for the same reason – whatever it was – that this mysterious addition appeared in the first place.

35. Because of the lack of any information foreclosing this possibility, plaintiff does not know if the amount of his obligation is static or dynamic.

36. Plaintiff has therefore been misled as to whether paying $13,557.68 will close the account, or whether another charge might be added, so that more than 13,557.68 would be needed to close this account.

37. Defendant is required to advise the debtor "what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase". *Carlin v. Davidson Fink LLP*, 842 F.3d 207, 216 (2d Cir. 2017).

38. The letter is misleading because Plaintiff could conclude that the total amount stated as due was due at any time, when in fact it was increasing.

39. If Defendant pays the "Account Balance" stated on the notice, he does not know whether the debt has been paid in full.

40. Defendant could still seek the interest and fees that accumulated after the letter was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

41. The FDCPA requires debt collectors, when they notify consumers of their account balance to disclose that the balance may increase due to interest and fees.

42. Alternatively, in light of the amounts stated in the letter and the implication that additional charges could be accruing, then if, in fact, no additional amounts are accruing, Defendant must so state.

43. The letter materially misled Defendant because a consumer with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), will pay the dynamic debt first.

44. A collector cannot imply or suggest that there may be additional charges when in fact there will not be additional charges.

45. That false advice could incentivize the consumer to pay the debt at a time when, if accurately advised, he would not.

46. Interest is the quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual.

47. Plaintiff does not know why the mysterious amount was added nor whether it might be added again after some period of time if the debt remained unpaid.

48. The letter is therefore deceptive.

49. Plaintiff was confused by this as the total balance had one amount whereas the charge-off had another amount, with all potential additional amounts listed as zero.

50. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

51. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

52. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

53. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

54. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

55. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

56. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

57. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

58. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

59. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

60. Plaintiff repeats the above allegations as if set forth here.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated said section by:

    a. Failing to state that the balance may increase despite that it could, and in fact, did; or alternatively, implying that it will continue to increase when in fact it would not, in violation of §1692e (10); and

    b. Stating zero amounts for additions to the charge-off amount despite that the balance had increased, in violation of §1692e (10); and

    c. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

67. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

68. Defendant violated this section by unfairly

    a. failing to note that the balance may increase despite that it could, and in fact, did;

    b. Failing to state that the balance may increase despite that it could, and in fact, did; or alternatively, implying that it will continue to increase when in fact it would not; and

    c. Stating zero amounts for additions to the charge-off amount despite that the balance had increased; and

    d. Falsely representing the character, amount or legal status of the debt in violation.

69. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g *et seq.*

70. Plaintiff repeats the above allegations as if set forth here.

71. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

72. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt

73. Defendant violated 15 U.S.C. §1692g by failing to include a clear statement about the amount of the debt and whether it is static or dynamic despite implications in the letter both ways.

74. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joel Halpern, individually and on behalf of all others similarly situated, demands judgment from Defendant Viking as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 8, 2021

Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*